IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00662-REB-MEH

KEYMARK ENTERPRISES, LLC, a Delaware limited liability company,

    Plaintiff,

v.

V.P.T., INC. d/b/a EAGLE METAL PRODUCTS, a Texas corporation,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Pending before the Court is Plaintiff's unopposed Amended Motion to Place Complaint Under Seal [doc #9]. The motion has been referred to this Court for disposition [doc # 10]. Oral argument would not materially assist the Court in the determination of this matter.

    Plaintiff has requested that the Court seal its Complaint, First Amended Complaint and Jury Demand and the exhibits attached thereto, because the Defendant claims that the documents "contain information that is confidential in nature" and expresses concern that "the statements could be used improperly by its business competitors." Motion at 1. Plaintiff does not identify what information may be confidential nor does it explain how the statements contained in the Complaint and First Amended Complaint could be used improperly.

    The Supreme Court has acknowledged a common law right of the public to access judicial records. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 (1978). This right is premised upon the recognition that public monitoring of the courts fosters important values such as respect for the legal system. *See In re Providence Journal Co.,* 293 F.3d 1, 9 (1st Cir. 2002).

Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras,* 939 F. Supp. 799, 801 (D. Colo. 1996).

There is a presumption that documents essential to the judicial process are to be available to the public, but they may be sealed when the public's right of access is outweighed by interests which favor non-disclosure. *See United States v. McVeigh,* 119 F.3d 806, 811 (10th Cir. 1997). It is within the district court's discretion to determine whether a particular court document should be sealed. *See Nixon,* 435 U.S at 599. Only in the rarest of cases is the sealing of documents appropriate - for example, cases involving intensely personal issues such as abortion or birth control, or cases pertaining to the welfare of abandoned or illegitimate children. *See Doe v. F.B.I.,* 218 F.R.D. 256, 259 (D. Colo. 2003).

In furtherance of the common law right of access to court records, the United States District Court for the District of Colorado promulgated D.C. Colo. LCivR 7.2, which provides for sealing of documents only upon a showing of "compelling reasons." Such a showing is required to ensure public confidence in the judicial process. It is critical that the public be able to review the factual basis of this Court's decisions and evaluate the Court's rationale so that it may be confident that the Court is functioning as a neutral arbiter. *Cf. McVeigh,* 119 F.3d at 814.

Here, the Plaintiff offers no compelling rationale for sealing the entirety of its Complaint and First Amended Complaint, much less for any particular document or exhibit attached thereto. Accordingly, the Motion to Seal is denied.

The Court recognizes, however, that had the Plaintiff been aware the Defendant would request that the document and its attachments be sealed, it might have chosen not to rely upon the documents and refrain from filing them. Consequently, the Court will not immediately direct that

the documents be unsealed.  Rather, **on or before May 1, 2008**, the Plaintiff shall either: (i) file a new Motion to Seal that adequately sets forth compelling reasons to warrant sealing in accordance with the foregoing discussion; (ii) move for leave to file a redacted pleading suitable for public filing, accompanied by a request to withdraw the previously-tendered versions of the pleadings in favor of the redacted version; or (iii) withdraw the pleading in its entirety.  Should the time period expire without any of these actions being taken, the Clerk of the Court is directed to unseal docket entries #1 and #4.

Accordingly, Plaintiff's unopposed Amended Motion to Place Complaint Under Seal [<u>filed April 16, 2008; doc #9</u>] is **denied** for Plaintiff's failure to show compelling reasons for sealing the Complaint, First Amended Complaint and their attachments.  The Clerk of the Court is directed to unseal docket entries #1 and #4 **on or <u>after</u> May 2, 2008**, only if the Plaintiff fails to take action in accordance with this order by May 1, 2008.

Dated this 17th day of April, 2008, in Denver, Colorado.

BY THE COURT:

  s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge