IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00662-REB-MEH

KEYMARK ENTERPRISES, LLC, a Delaware limited liability company,

    Plaintiff,

v.

V.P.T., INC. d/b/a EAGLE METAL PRODUCTS, a Texas corporation,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Pending before the Court is Plaintiff's unopposed Motion to Reconsider Motion to Stay [doc #18]. The motion has been referred to this Court for disposition [doc # 19]. Oral argument would not materially assist the Court in the determination of this matter.

    Plaintiff argues that, despite the Court's accommodation in allowing the parties a substantial extension of time within which to file a proposed scheduling order (June 24, 2008) and to submit their Rule 26(a)(1) disclosures (July 11, 2008), the denial of a stay in this case "still places pressure on the parties to focus on litigation rather than the ongoing settlement discussions." The Court does not agree unless the true positions of the parties are not being disclosed. The parties represented to the Court that they are working toward settlement and would prefer to pursue that goal rather than litigate. The Court agrees that this is the most efficient use of resources *at this time*, and, thus, the schedule established by the Court will not require any discovery until at least late June. At that time, the parties will have finished their settlement or else will appear before the Court for purposes of completing the settlement. In the event that the parties have neither settled the case by late June and

cannot settle it even with the Court's assistance, it will be time to commence discovery. The federal courts cannot serve as a vehicle by which parties preserve the right to litigate through the filing of a complaint and then allow the case to be stayed while the parties negotiate. United States District Judge Robert Blackburn intends to conduct civil trials within 12-15 months after the complaint is filed. Waiting until late summer to commence discovery will not permit the district judge to determine any post-discovery dispositive motions prior to the anticipated trial date.

The parties have two months from the date of the Order denying the stay within which to refrain from litigating the matter, if they so choose, and to "focus on settlement." After that, they need only prepare a proposed scheduling order in anticipation of the June 27, 2008 Scheduling Conference; no discovery need commence until initial disclosures are exchanged on or before July 11, 2008. The Court would anticipate that, if the settlement does not occur, the parties will have a discovery period lasting until the end of 2008, with a dispositive motion deadline of the end of January 2009, a pretrial conference by the end of March 2009, and a potential trial by July or August 2009. The Court finds no "pressure" and no prejudice to the parties in denying the Motion to Stay if the parties truly concur on the relief requested.

Accordingly, Plaintiff's unopposed Motion to Reconsider Motion to Stay [filed April 25, 2008; doc #18] is **denied**.

Dated this 28th day of April, 2008, in Denver, Colorado.

BY THE COURT:

  s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge