IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00662-REB-MEH

KEYMARK ENTERPRISES, LLC, a Delaware limited liability company,

　　Plaintiff,

v.

V.P.T., INC. d/b/a EAGLE METAL PRODUCTS, a Texas corporation,

　　Defendant.

# ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

　　Before the Court is the parties' second Joint Motion for Protective Order [doc #53]. The motion has been referred to this Court for disposition [doc #54]. Oral argument would not materially assist the Court in the determination of this matter. For the reasons stated herein, the motion is **granted in part and denied in part**.

　　While the parties agree that a blanket protective order is necessary in this case to prevent improper disclosure of confidential information, the parties disagree as to the scope of the order. Defendant seeks to allow the disclosure of designated confidential information to "independent litigation support services personnel" (proposed paragraph 11(f)) and "actual or proposed witnesses" (proposed paragraph 11(g)). Doc. #53 at 2. Plaintiff argues that since the order already allows disclosure to "parties and their directors, officers and employees, who are actively engaged in the conduct of this litigation," as well as "outside experts and consultants," Defendant's proposed expansion would "eviscerate" the protection the order is meant to provide. Doc. #53 at 3-4.

　　The decision to issue a protective order rests within the sound discretion of the trial court.

*Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c) (2008). To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984) ("The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders.").

Here, Plaintiff objects to the disclosure of confidential information to litigation support services personnel, saying that it should be permitted to restrict disclosure of its confidential material to parties subject to this Court's jurisdiction and to have advance notice of any other disclosure. Plaintiff notes that it expects counsel could agree to a copying company that would prepare copies for the litigation. Therefore, considering the liberal standard for discovery under Rule 26 and Plaintiff's suggestion, the Court will permit the inclusion of Defendant's paragraph 11(f) in the protective order, as amended:

> 11.f. Independent litigation support services personnel, including copying and exhibit preparation services, *to be selected and agreed upon by the parties*, solely for the purpose of assisting a party with litigation; and

With respect to Defendant's proposed paragraph 11(g), Plaintiff argues that Defendant could disclose confidential information "to any person so long as Eagle subpoenas or notices them for a deposition." However, non-disclosure agreements are typically required before confidential documents can be viewed by a deponent. *See Gillard v. Boulder Valley Sch. Dist.*, 196 F.R.D. 382 (D. Colo. 2000). Accordingly, the proposed order in this case requires that any proposed witness be shown a copy of the order and includes an "Acknowledgment and Agreement to Comply with

Protective Order," which must be executed by a witness before the confidential information is disclosed. Nevertheless, the Court finds that reasonable notice to the opposing party of the disclosure of confidential information to actual or proposed witnesses is appropriate in this matter. Therefore, the Court will permit the inclusion of Defendant's paragraph 11(g) in the protective order, with the following addition: *Before disclosure of information designated by the opposing party as confidential to a person described in this paragraph, the disclosing party shall provide three days' notice to the opposing party of the person's identity and the information to be disclosed.*

Therefore, the second Joint Motion for Protective Order [filed July 11, 2008; doc #53] is **granted in part and denied in part** as set forth herein. A revised Protective Order is filed contemporaneously with this order.

Dated this 14th day of July, 2008, in Denver, Colorado.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge