IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 08-cv-00662-REB-MEH

KEYMARK ENTERPRISES, LLC, a Delaware limited liability company,

　　Plaintiff,

v.

V.P.T., INC., d/b/a EAGLE METAL PRODUCTS, a Texas corporation,

　　Defendant.

## PROTECTIVE ORDER

　　Upon agreement of the parties, through their respective counsel, that a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure is desirable, and with the approval of the Court,

　　IT IS HEREBY ORDERED:

　　1.　**SCOPE.** This Protective Order shall govern all documents, materials, and information produced or disclosed in this action, including without limitation: documents produced or disclosed; answers to interrogatories; responses to requests for admission; deposition testimony; and all other materials or information produced or disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure during the course of this litigation.

　　2.　**MATERIAL COVERED.** Any party to this action and any third party may designate as "CONFIDENTIAL" all or part of any documents, materials, or information governed by this Protective Order. Materials designated as "CONFIDENTIAL" are hereinafter referred to as "Confidential Material."

3. **CONFIDENTIAL MATERIAL.** A party or third party may designate Confidential Material after it makes a good faith determination that the material or information includes or constitutes (a) a trade secret, or (b) proprietary information, as those terms have been construed by applicable court decisions, or (c) confidential personal, financial, research, development, or commercial information, or (d) information which the party or third party is under a duty to maintain in confidence.

4. **DESIGNATION OF DOCUMENTARY MATERIAL.** Documentary material may be designated as Confidential Material by conspicuously stamping or otherwise marking each page with the words "CONFIDENTIAL" and by marking each page with the identity of the designating party or third party, unless the party's or third party's identity is otherwise indicated as part of the production number (e.g., "Plaintiff's document P00001" or "KEYMARK 00000001"). Except with respect to documents produced by any party prior to the execution of this Protective Order, the identification and designation of Confidential Material shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served and when a copy of the document is produced or made available to the requesting party.

Unless otherwise designated or agreed upon by the parties, all documents made available for inspection, prior to copying and production, shall be presumed to have been designated as Confidential Material. No documents of the party or third party producing documents for inspection, prior to copying and production, shall be removed from the site of the inspection or copied until such producing party or third party has had an opportunity to review and designate such documents in the manner previously explained; provided the time for review and designation by the producing party or third party shall

not exceed five (5) business days.  Any party may designate as Confidential Material any information produced or exchanged formally or informally prior to entry of this Protective Order within 30 days from the date this Protective Order is entered.

5. **DESIGNATION OF DEPOSITIONS.**  All or portions of deposition or other oral testimony given in this case may be designated as Confidential Material by any party or third party either (a) during the deposition or proceeding during which the testimony is given (which is the preferred method), or (b) by written notice to the court reporter and to all counsel of record, within fifteen (15) working days after the receipt of the transcript by the designating party's or third party's attorneys.  Unless otherwise ordered by the Court or otherwise agreed by the parties, pending the expiration of two (2) working days after the transcript is received by the designating party's or third party's attorneys, all parties and persons shall treat the testimony as if it has been designated as Confidential Material.

Unless otherwise ordered by the Court, the designating party or third party shall have the right to have all persons, except the witness, his or her counsel, the court reporter, and such other persons authorized to receive the designating party's or third party's Confidential Material pursuant to this Protective Order as described in paragraph 11, excluded from a deposition or proceeding, or any portion thereof, before the taking therein of testimony which has been so designated; however, in no event shall counsel for any party or for the witness be excluded under this provision.  If the designation of Confidential Material is made on the record during the deposition or proceeding, the court reporter shall mark the cover of the original and all copies (including electronic copies) of the transcript, or that portion of the transcript containing designated testimony,

as "CONFIDENTIAL." If the designation of Confidential Material is made after the court reporter has mailed the transcript to the parties' attorneys, such designation shall be made by the designating attorney listing on a separate sheet of paper the pages and line numbers of the transcript and the exhibits containing the Confidential Material and circulating same to the court reporter and all counsel of record so that the sheet may be affixed to the face of the transcript and each copy therefrom.

6. **BELATED DESIGNATION.** If a producing party inadvertently fails to designate material as confidential, it may make the designation belatedly so long as it does so promptly after learning of the oversight. Where a producing party belatedly designates material as confidential, counsel for the receiving party shall take such steps as are reasonably necessary to assure the confidentiality of the material, including securing the return of such material belatedly designated Confidential Material from any individual to whom disclosure would not be permitted by this Order.

7. **INADVERTENT DISCLOSURE.** The inadvertent or mistaken production of discovery material subject to a claim of privilege or subject to protection as trial-preparation material will be governed by the provisions of Rule 26(b)(5) of the Federal Rules of Civil Procedure. Inadvertent production of material covered by the attorney client, work product or other privilege or protection shall not be deemed a waiver of a claim of privilege. Additionally, any party's production of otherwise privileged documents or materials, including document inventories, on compact disks, via electronically scanned or transmitted documents or other electronic medium, shall not be construed as a waiver or violation of any privilege or discovery protection, including the attorney-client and work product privileges. A producing party who mistakenly or

inadvertently produces discovery material subject to any claim of privilege or protection from discovery may promptly, upon discovery of such disclosure, request the parties receiving such discovery material to return it.  The receiving parties shall return all copies thereof within three (3) business days of the request; provided any party objecting to a claim of privilege or protection may retain a copy of the privileged material for the specific purpose of presenting the discovery material to the Court, under seal, in support of a motion to compel production. Any notes or summaries referring or relating to any discovery material claimed as privileged shall be destroyed within three (3) business days of the request for return of the privileged material unless the party possessing such material is challenging the privileged nature of such material.  Nothing contained herein shall constitute an admission by any party receiving such discovery material that is privileged or preclude any such party from subsequently seeking an order compelling its production.

    8.  **NO PRESUMPTION OF PROTECTED STATUS.**

    a.  The receipt of discovery materials designated as Confidential Material shall not constitute an admission by the receiving party that such materials actually contain or reflect Confidential Material.  Nothing herein shall prejudice the right of any party to challenge the designation of any discovery materials as Confidential Material.

    b.  Nothing herein shall:

    (i)  prejudice the right of any producing party or third party to object to the disclosure of any material it considers not subject to discovery;

    (ii)  prejudice the right of any producing party to request an additional more specific protective order regarding any material responsive to a discovery request

but which, in the producing party's determination, requires more limited disclosure conditions than that provided in this Order or which requires the Court should forbid any disclosure; or

    (iii)  operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any discovery material designated as Confidential Material.

  c.  Nothing herein shall prejudice the right of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order.

  d.  Nothing herein shall prejudice the right of any party to move that the Court issue a further order relating to discovery material, including material designated as Confidential Material.

  9.  **NON-USE.** All Confidential Material shall be used only for purposes of this litigation and for no other purpose. Nothing herein shall prohibit any party from using or disclosing its own Confidential Material for any purpose. Nor shall anything herein impose any restrictions on the use or disclosure by a party of material obtained by such party independently from discovery in this action, whether or not such material is also obtained through discovery in this action.

  10.  **ACCESS TO CONFIDENTIAL MATERIALS.** No Confidential Materials may be disclosed to any person except as provided under this Order, or with the prior written consent of the party originally designating material as Confidential Material.

11. **PERMISSIBLE DISCLOSURES**. Notwithstanding the provisions of paragraph 10, Confidential Material may be disclosed to the following Authorized Representatives:

   a. The Court, including the jury and the Court's officers;

   b. Counsel for the parties in this action, and counsel's employees, who are actively engaged in the conduct of this litigation;

   c. Parties and their directors, officers and employees, who are actively engaged in the conduct of this litigation;

   d. Outside experts or consultants retained to testify or to assist counsel in this litigation;

   e. Court reporters and videographers, solely for the purpose of transcribing and/or recording testimony in the litigation;

   f. Independent litigation support services personnel, including copying and exhibit preparation services, to be selected and agreed upon by both parties, solely for the purpose of assisting a party with the litigation; and

   g. Actual or proposed witnesses, and other persons whom the attorneys deem necessary to review the documents for the prosecution or defense of this lawsuit. Before disclosure of information designated by the opposing party as confidential to a person described in this paragraph, the disclosing party shall provide three days' notice to the opposing party of the person's identity and the information to be disclosed. Each person who is permitted to see confidential documents shall first be shown a copy of this Protective Order and shall further be advised of the obligation to honor the confidentiality designation. All or portions of deposition or other oral

testimony of such persons may be designated as Confidential Material pursuant to paragraph 3 of this Protective Order. Before receiving, hearing or inspecting any Confidential Material, such deponents and testifying witnesses must agree in writing to a certification in the form, properly completed, attached hereto as Exhibit A.

Notwithstanding the foregoing, a party or person, at or before the time such disclosure is made, can agree with opposing counsel or seek a court order to restrict the disclosure under paragraph 11(c) if disclosing the Confidential Material to parties and their directors, officers and employees could place the disclosing party at a competitive disadvantage or reveal the disclosing party's business plans, tactics, or trade secrets without adequate protection as determined by the disclosing party.

12. **CERTIFICATION**. Before receiving, hearing or inspecting any Confidential Material, each Authorized Representative under paragraph 11(d) must agree in writing to a certification in the form, properly completed, attached hereto as Exhibit A. The receiving party shall send to the producing party each certification signed by its Authorized Representatives within three (3) days after it is signed. If any Authorized Representative to whom Confidential Material is disclosed ceases to be engaged in this matter, that Authorized Representative shall return the Confidential Material to the attorney-of-record for the party on whose behalf that person was acting. Any Authorized Representative who has agreed to the foregoing certification is still bound hereby, even if no longer so engaged.

13. **FILING CONFIDENTIAL MATERIALS.** All papers, documents and transcripts containing or revealing the substance of Confidential Material filed with the Court shall be filed in sealed envelopes marked "Confidential Under Protective Order."

The Clerk of the Court shall not permit access to the contents of the envelope to anyone other than Counsel, the Magistrate Judge, the District Judge, and either Judge's immediate staff, without prior written order of this Court.

14. **NON-PARTY REQUESTS.** If a non-party demands, by subpoena or other legal process, that any party who has received Confidential Material produce such information, counsel for such party shall (a) notify counsel for the producing party in writing at least 14 days prior to the return date of the subpoena or other compulsory process, or, if the return date of the subpoena or other compulsory process is less than 14 days, notice shall be given to the producing party in writing or by telephone as soon as practicable following receipt; and (b) assert this Protective Order as a defense to such demand. If a party has complied with the foregoing requirements of this paragraph, its compliance with a subpoena, other legal process, or validly entered order of a court requiring production of the Confidential Material shall not be asserted by a producing party to constitute a violation of this Protective Order.

15. **CONCLUSION OF THE LITIGATION.** Within ninety (90) days after entry of a final judgment or dismissal with prejudice in this litigation (including appeals or petitions for review) finally disposing of all issues raised in this litigation, counsel for the parties and all other persons having possession or control of another party's Confidential Material or any copies thereof shall: (a) provide to all parties a copy of the Acknowledgements signed by experts; and (b) destroy, or if requested by the producing party, return to such party all Confidential Material and any copies thereof; and (c) destroy all other documents to the extent Confidential Material is contained within any notes, summaries, digests, synopses or other documents added by counsel or any other

person after production.  Notwithstanding the foregoing, outside counsel shall be permitted to maintain one archival copy of such Confidential Material, provided that the terms of this Protective Order continue to apply to such materials.  Each party shall give written notice of such destruction to all counsel.

16. **CONTESTED DESIGNATIONS.**  The parties will avoid designating as Confidential Material any documents or information that do not meet the definition of such designation as set forth in paragraph 3.  A party shall not be obligated to challenge the propriety of designating any Confidential Material at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto.  A party may object to the designation of particular Confidential Material by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Material to file an appropriate motion requesting that the Court determine whether the disputed information should be protected as Confidential Material through this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Material under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Material and shall not thereafter be treated as Confidential Material in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as

Confidential Material shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Material.

Objections to discovery not accompanied by a motion for protective order shall be handled pursuant to Fed. R. Civ. P. 37.

17. **TRIAL PROCEDURES.** A party may request that the Court implement appropriate procedures to protect Confidential Material which may be disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Protective Order.

18. **MODIFICATION.** Stipulations may be made between counsel for respective parties as to the application of this Order to specific situations provided that such stipulations are recorded in writing or contained in the record of any oral court proceeding or deposition. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Protective Order.

19. **INTERIM EFFECT.** This Protective Order shall be submitted to the Court for approval and, following approval, shall continue in effect until further order of this Court. For the purpose of proceeding with discovery without delay, pending the Court's approval of this Protective Order, any Confidential Material produced under the terms of this Protective Order shall be protected by the parties pursuant to these terms.

20. **CONTINUING JURISDICTION.** After the conclusion of this litigation, the provisions of this Protective Order shall continue to be binding until further order of this Court, and this Court shall retain jurisdiction over the parties and any other person who has had access to discovery material designated as Confidential Material pursuant to this Protective Order, in order to enforce the provisions hereof.

21. **AMENDMENTS TO PROTECTIVE ORDER**. The Protective Order may be altered or amended only upon a showing of good cause.

DATED this 14th day of July, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge